UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ROBERT SARNELLE,**

    **Plaintiff,**

**v.**                   **Case No: 6:15-cv-1644-Orl-41DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

# REPORT AND RECOMMENDATION

Robert Sarnelle (the Claimant), appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for a period of disability and disability insurance benefits. Doc. 1; R. 144-45. Claimant argues that the Administrative Law Judge (the ALJ) erred by: 1) failing to weigh all of Dr. Tse Lee's opinions; and 2) finding that Claimant's testimony concerning his pain and limitations was not credible. Doc. 15 at 9-13. Claimant argues that the matter should be reversed and remanded for further proceedings. *Id.* at 13-14. For the reasons set forth below, it is **RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

**I.  STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is

supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

### A.  Dr. Lee.

Claimant argues that the ALJ erred by failing to mention and weigh three of Dr. Lee's opinions. Doc. 15 at 9-11. The Commissioner essentially argues that the statements Claimant points to are not opinions that must be weighed, but are "conclusory statements on issues reserved to the Commissioner and, thus, are neither entitled to controlling weight nor special significance." Doc. 17 at 7-9. Therefore, the Commissioner argues that the ALJ committed no error with respect to Dr. Lee's so-called "opinions." *Id.* at 9.

At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of

treating, examining and non-examining medical sources. 20 C.F.R. § 404.1545(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physician's opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Id*. at 1178-79 (citing 20 C.F.R. § 404.1527(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was

conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Claimant suffers from a number of impairments, including, but not limited to, degenerative disc disease of the lumbar spine. *See generally* R. 267-483. On August 22, 2014, Claimant began treating with Dr. Lee, a pain management specialist, for lower back pain. R. 365-68. Claimant treated with Dr. Lee on several occasions between August 2014 and March 2015. R. 365-68, 378-97, 440-58. Dr. Lee routinely observed that Claimant was mildly distressed due to pain, had an antalgic gait, moderate tenderness in the lumbar paraspinous region, decreased extension, flexion and rotation of the lumbar spine with pain, negative straight leg raises bilaterally, and no muscle or motor strength deficits. R. 366-67, 379-80, 384-85, 388-89, 393-94, 441, 452-53, 457-58. Dr. Lee diagnosed Claimant with lumbago, lumbar spondylosis, and radiculitis of the thoracic and lumbar spines. R. 367, 380, 385, 389, 394, 441, 453, 458. Dr. Lee treated Claimant through various out-patient procedures, explaining the procedures were medically necessary for the following reasons:

> [Claimant] has suffered from chronic disabling pain which has caused psychological, social, and physical impairment. The patient has tried unsuccessfully to have this pain relieved using conservative treatment for pain management. An attempt to alleviate the pain with a less invasive treatment has not been successful. Radiological findings and my evaluations are consistent with the pre-op diagnosis supporting the procedure. It is medically necessary that the patient undergoes an interventional pain management procedure to ease the painful syndrome, improve psychological status, return to a more functional quality of life and if applicable return to work.

R. 381, 395, 453.[1] As a result, Claimant underwent various procedures to control his lower back pain, including, but not limited to, radiofrequency neurotomy, facet joint injections, and

---

[1] This statement appears in three separate treatment records. R. 381, 395, 453.

transforaminal epidural steroid injections. *Id*.

At step two, the ALJ found that Claimant suffers from the following severe impairments: degenerative disc disease of the lumbar spine; obesity; and diabetes mellitus. R. 15. The ALJ also found that Claimant suffers from a nonsevere impairment of anxiety disorder. R. 15-16. At step four, the ALJ found Claimant can perform light work as defined by 20 C.F.R. § 404.1567(b), with the following additional restrictions:

> The claimant can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but cannot be around ladders, ropes and scaffolds. The claimant must avoid all exposure to hazards, including machinery and heights. The claimant cannot walk long distances without using a cane in his right hand, defined as walking for periods greater than 15-20 minutes. The claimant cannot squat.

R. 18.[2] In reaching this RFC determination, the ALJ considered Claimant's testimony and the medical evidence of record, including Dr. Lee's treatment records. R. 19-21. The ALJ, however, did not expressly address Dr. Lee's statements concerning the medical necessity of the out-patient procedures performed on Claimant's back (the Statements). *See Id*. Claimant argues that the Statements are opinions, and the ALJ erred by failing to weigh those opinions. Doc. 15 at 10-11.

The Statements concerning the medical necessity of Claimant's out-patient procedures are not medical opinions. A medical opinion is a statement from an acceptable medical source, such as Dr. Lee, that "reflect judgments about the nature and severity of [claimant's] impairment(s), including [claimant's] symptoms, diagnosis and prognosis, what [claimant] can still do despite [his or her] impairment(s), <u>and</u> [claimant's] physical or mental restrictions." 20 C.F.R. §

---

[2] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." 20 C.F.R. § 404.1567(b).

404.1527(a)(2) (emphasis added); *Winschel*, 631 F.3d at 1178-79. The Statements simply justify the medical necessity of the out-patient procedures performed by Dr. Lee. R. 381, 395, 453. They contain no opinions about what Claimant can still do despite his impairments, or identify specific physical or mental restrictions caused by his impairments. *Id*. Therefore, the Statements are not medical opinions, and thus the ALJ did not err by failing to weigh the Statements.[3]

Further, assuming the Statements are medical opinions, the ALJ's failure to weigh the Statements is harmless error. First, the Statements generally evince an opinion that Claimant is unable to work due to his impairments. This opinion addresses the ultimate issue before the Commissioner – whether Claimant is or is not disabled – and, as such, "is not considered a medical opinion and is not given any special significance, even if offered by a treating source[.]" *Kelly v. Comm'r of Soc. Sec.*, 401 F. App'x 403, 407 (11th Cir. 2010) (per curiam); *see* SSR 96-5p, 1996 WL 374183, at *2 (July 2, 1996) ("[T]reating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance.").[4] Second, the Statements do not contain any specific functional limitations that are more restrictive than the ALJ's RFC determination. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar). Thus, even if the Statements are medical opinions, the ALJ's failure to weigh the Statements constitutes harmless error, because the outcome of the case would not

---

[3] On January 28, 2015, Dr. Lee opined that Claimant meets Listing 1.04(A). R. 398-99. The ALJ rejected this opinion, R. 17-18, and Claimant does not challenge the ALJ's decision to reject the opinion, *See* Doc. 15. Thus, Claimant has waived any arguments concerning the ALJ's decision to reject Dr. Lee's opinion concerning Listing 1.04(A). *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (per curiam) (refusing to consider an argument that the claimant failed to raise before the district court).

[4] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

6

change. *See Torres v. Astrue*, 2012 WL 621707, at *2 (M.D. Ga. Feb. 2, 2012) ("harmless error doctrine essentially dictates that if remand for the correction of an error would not change the outcome . . . such error is deemed harmless."). Accordingly, it is **RECOMMENDED** that the Court reject Claimant's first assignment of error.

### B. Credibility.

Claimant argues that the ALJ did not articulate "specific and adequate reasons" for rejecting Claimant's testimony concerning his pain and limitations. Doc. 15 at 12-13. The Commissioner maintains that the ALJ articulated several reasons for rejecting Claimant's testimony concerning his pain and limitations. Doc. 17 at 10-11. The Commissioner argues that the ALJ's reasons are supported by substantial evidence and sufficient to support his credibility determination. *Id*. at 11-15.

A claimant may establish "disability through his own testimony of pain or other subjective symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (per curiam). If the ALJ determines the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to

7

work. *Id*. at § 404.1529(c)(1)-(3). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Foote*, 67 F.3d at 1561-62. The Court will not disturb a clearly articulated credibility finding that is supported by substantial evidence. *Foote*, 67 F.3d at 1562.

On May 7, 2015, Claimant and his representative appeared before the ALJ for a hearing. R. 28-60. The hearing touched on several topics, including Claimant's functional limitations. Specifically, Claimant testified that he can lift no more than 10 pounds, sit for no more than 30 minutes at one time, and stand for no more than 20 minutes at one time. R. 35, 38-39. Claimant testified that he uses a cane to ambulate, but can walk without a cane for approximately 30 minutes. R. 39-41. Claimant testified that he has difficulty climbing stairs and cannot stoop or squat. R. 42-43. Claimant testified that he cannot reach overhead, but can pick up small objects with his fingers. *Id*.

The hearing also touched on Claimant's daily activities. Claimant testified that he can bathe and dress himself with the assistance of his wife, and comb his hair. R. 34-35, 43. Claimant testified that he can cook meals, do the dishes, vacuum for 10-15 minutes, but cannot do laundry. R. 35-36. Claimant testified that he drives short distances and goes grocery shopping. R. 36. Claimant testified that he currently has no hobbies, but watches approximately six hours of television while lying in his recliner. R. 36-37.

At step four, the ALJ found Claimant's impairments could reasonably be expected to cause his alleged symptoms, but concluded his statements concerning the intensity, persistence, and limiting effects of his symptoms are "not entirely credible for the reasons explained in this decision." R. 19. Thereafter, the ALJ articulated several reasons in support of his credibility and RFC determinations. R. 19-21. The ALJ, for example, found the medical record reveals little if

any deterioration of Claimant's degenerative disc disease since Dr. Loc Kim Le's January 15, 2014 opinion, wherein he opined, in relevant part, that Claimant can sit and stand for six hours in an eight-hour workday. R. 20 (citing R. 80-82, 380, 385, 389, 394, 453).[5] As a result, the ALJ found the evidence post-dating Dr. Le's opinion "suggest[s] that the claimant's physical limitations are not as significant as his testimony implies." *Id*. In light of this finding, the ALJ determined that Claimant is capable of light work, which would not be possible if the ALJ found Claimant's testimony concerning his ability to sit and stand credible. The ALJ, as another example, implicitly discredited Claimant's testimony about his inability to reach overhead in light of his testimony that he can comb his hair. R. 21. The ALJ, on the other hand, found Claimant's testimony concerning his use of a cane and inability to squat credible, and included those findings in his RFC determination. R. 20.

Claimant argues the ALJ did not "articulate specific and adequate reasons" to reject his testimony, and, to the extent he did, he failed to consider all of Dr. Lee's opinions in rendering his credibility determination. Doc. 15 at 12-13. The ALJ, however, articulated specific reasons in support of his credibility determination, including, but not limited to, his discussion of the relatively stable nature of Claimant's degenerative disc disease and ability to reach overhead and manipulate objects. R. 19-21. The Claimant does not assert any specific arguments demonstrating the reasons articulated by the ALJ are not supported by substantial evidence or do not adequately support the ALJ's credibility finding. *See* Doc. 15 at 11-13. Therefore, the undersigned finds Claimant's general argument that the ALJ failed to articulate specific and adequate reasons to reject his testimony unavailing. In addition, the undersigned finds Claimant's argument concerning the ALJ's failure to consider all of Dr. Lee's opinions unavailing, for the same reasons

---

[5] Dr. Le is a non-examining state agency physician. R. 80-82.

the undersigned recommended the Court reject Claimant's argument challenging the ALJ's failure to weigh all of Dr. Lee's opinions. In light of the foregoing, the undersigned finds that the ALJ articulated specific and adequate reasons, which are supported by substantial evidence, in support of his credibility determination.[6] Accordingly, it is **RECOMMENDED** that the Court reject Claimant's second assignment of error. *See Foote*, 67 F.3d at 1561-62 (the court will not disturb a credibility finding that is supported by substantial evidence).

### III. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that the Court:

1. **AFFIRM** the final decision of the Commissioner; and

2. Direct the Clerk to enter judgment in favor of the Commissioner and against Claimant, and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[6] In addition to these arguments, Claimant, anticipating the Commissioner would argue the ALJ properly relied on objective medical evidence to reject Claimant's testimony, argues an ALJ cannot reject a claimant's testimony based solely on objective medical evidence. Doc. 15 at 12-13 (citing SSR 96-7p, 1996 WL 374186, at *1 (July 2, 1996), *superseded by* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016)). Claimant correctly states the law, 20 C.F.R. § 404.1529(c)(2), but does not argue that the ALJ, in this case, relied solely on objective medical evidence in support of his credibility determination, *see* Doc. 15 at 11-13. Therefore, Claimant has waived that argument on appeal. *See Crawford*, 363 F.3d at 1161. Further, notwithstanding Claimant's waiver, the ALJ relied on more than just objective medical evidence in reaching his credibility determination. Specifically, the ALJ relied on various types of evidence, including, but not limited to, objective medical evidence, medical opinions, Claimant's testimony, and Claimant's treatment. R. 19-21.

10

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on November 8, 2016.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy